IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEGAL AID SERVICES OF OREGON,
ARRON GUEVARA, JANICE MORGAN,
SHARON LEE SCHWARTZ, DONNA
SATHER, OREGON LAW CENTER, DAVID
HENRETTY, DIANE SCHWARTZ SYKES,
LOREY FREEMAN, COMMUNITY
ALLIANCE OF TENANTS, and CAMPAIGN
FOR EQUAL JUSTICE,

        Plaintiffs,

v.

LEGAL SERVICES CORPORATION,

        Defendant.

CV 05-1444-PK

OPINION AND ORDER

PAPAK, Magistrate Judge:

  This matter is before the court on plaintiffs' Motion for New Trial or to Amend/Correct Opinion and Judgment (#187). On July 10, 2006, I issued Finding & Recommendations concluding that defendants' Motion to Dismiss should be denied with respect to the pending as-applied challenges but granted with respect to all other claims. Judge Jones reviewed that F&R, following the filing of objections, and issued an order on October 20, 2006, adopting the F& R in

Page 1 – OPINION AND ORDER

its entirety and specifically quoting its conclusion that motions to dismiss were "denied with respect to plaintiffs' as-applied claims and granted with respect to all other claims."

At the request of plaintiffs and with the concurrence of defendants, the original order was amended by Judge Jones on December 4, 2006.[1] The amended order again adopted the F&R in its entirety but now quoted language from its introduction stating that motions to dismiss had been "denied with respect to plaintiffs' as-applied First Amendment claim against the program integrity regulation and granted with respect to all other as-applied and facial claims."

On April 7, 2008, after receipt of full consent, I issued an opinion and order granting defendants' motions for summary judgment on plaintiffs' as-applied challenges to the substantive restrictions and to the program integrity regulation and denying plaintiffs' cross-motion for partial summary judgment.

Plaintiffs now claim they misunderstood the import of the July 10, 2006, F&R and request that I either amend the April 7, 2008 Opinion and Order to state that all facial challenges and all as-applied challenges, except the as-applied challenges to the program integrity regulation, were dismissed on the pleadings or, in the alternative, grant plaintiffs a new trial and allow them to litigate the as-applied challenges to the substantive restrictions.

Oral argument on this motion was held on May 8, 2008, and on June 11, 2008, with briefing and supplemental briefing filed in support of and resistance to that motion. I have reviewed both my July 10, 2006, F&R and my April 7, 2008, Opinion and Order and find that

---

[1] The amended order was docketed in the original lead case brought by the State of Oregon which had been dismissed in its entirety by Judge Jones' original order and was on appeal to the Ninth Circuit. The undersigned was unaware of the existence of the amended order until the motion now before the court was filed.

they are consistent, accurately set forth the legal analysis relevant to this case and are not in need of amendment or further clarification. Plaintiffs' claim that they were unaware that the as-applied constitutionality of the substantive restrictions was still at issue following Judge Jones's adoption of my F&R is belied by the record. My July 10, 2006, F&R makes clear that while the substantive restrictions are facially valid, there remained open a question of their constitutionality as applied to plaintiffs, which in turn depended on whether the program integrity rule provided an adequate alternate channel for expression of the protected speech delimited by the restrictions. A substantial portion of plaintiffs' briefing in support of their partial motion for summary judgment and in resistance to defendants' motions for summary judgement was directed to the constitutionality of the substantive restrictions, albeit under a legal analysis I subsequently rejected. Moreover, despite my request that plaintiffs provide even one example of what they would have done differently if they had had the understanding of my rulings that they now claim to have, plaintiffs offer nothing but generalized assertions that they would have presented more detailed evidence relating to the issue that the restrictions distort the legal system by altering the traditional role of attorneys - a standard that I carefully analyzed and rejected as the proper

///

///

///

///

///

///

///

Page 3 – OPINION AND ORDER

framework for deciding the constitutional challenge at issue here.

Plaintiffs' motion is therefore denied.

## CONCLUSION

For the reasons set forth above, plaintiffs' Motion for New Trial or to Amend/Correct Opinion and Judgment (#187) is denied.

Dated this 12th day of June, 2008.

*/s/ Paul Papak*
Honorable Paul Papak
United States Magistrate Judge